UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

ANDREW HUBER

       Plaintiff,

v.

NATIONAL CREDIT AUDIT CORPORATION,

       Defendant

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Court has supplemental jurisdiction to hear the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as said claims arise from the same transactions and occurrences.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.§227 et seq.

## VENUE

4. Venue is proper in this District.

5. The acts and transactions occurred in this District.

6. The Plaintiff resides in this District.

7. The Defendant transacts business in this Judicial District.

## PARTIES

8. Plaintiff Andrew Huber is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant National Credit Audit Corporation., (hereinafter "Defendant") operates from an address of 12770 Coit Rd. Flr 10, Dallas, TX 75251 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is registered as a debt collector with the Colorado Attorney General's office, license number 991179.

## FACTUAL ALLEGATIONS

### FDCPA

11. The alleged debt that the Defendant is attempting to collect upon stems from rent due on an apartment which is primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On or about November 15, 2011, the Plaintiff received a message from the Defendant regarding an alleged debt.

13. On or about November 16, 2011, the Plaintiff received a call and actually spoke to a representative of the Defendant.

14. During the conversation with the Defendant on November 16, 2011, the Plaintiff told the Defendant that he did not believe the debt was his and that he would contact the original creditor.

15. On November 17, 2011, the Defendant again contacted the Plaintiff regarding the alleged debt and the Plaintiff again disputed the debt.

16. On or about November 22, 2011 the Plaintiff called the Defendant at approximately 8:18am to obtain an address and account number in order to send a validation letter. At that time the Defendant refused to provide any information to the Plaintiff.

17. Again on November 22, 2011 at 1:18pm the Plaintiff called the Defendant and left a message requesting the address and account information.

18. At 2:09 pm on November 22, 2011 the Defendant returned the Plaintiffs call; however the Plaintiff missed the call.

19. The Plaintiff then contacted the Defendant at 2:24pm on November 22, 2011 at which time the Defendant's representative was rude, yelling and threatened the Plaintiff that he was playing both sides against each other. She refused several more times to give the address and then threatened to take further action and hung up on the Plaintiff.

20. The Plaintiff indicated to the Defendant the he wanted the address so that all further communication could be in writing rather than via the telephone.

21. On December 5, 2011, the Plaintiff sent by certified mail a letter requesting validation of the debt and a request that the Plaintiff only be contacted via writing. (See Exhibit A Copy of Letter and Receipt)

22. A representative for the Defendant signed for the letter on December 8, 2011. (See Exhibit B Return Receipt)

3

23. To date the Defendant has never validated the debt.

24. The Defendant failed to send validation notice within five days of the initial communication with the Plaintiff.

25. In addition on December 14, 2011, the Defendant sent another letter to the Plaintiff attempting to collect on the debt.

26. The Defendant has called the Plaintiff over nine (9) times beginning in November and continuing in December and January, most recently on January 17, 2011.

27. Using an autodialer, the Defendant began contacting the Plaintiff on his cellular telephone concerning an alleged debt.

28. The Defendant has specifically left five messages out of nine or more calls on the Plaintiffs cell phone when auto dialing the Plaintiff.

29. When the Defendant causes the Plaintiff's telephone to ring and leaves a message, the automated recording comes on stating "Any information obtained will be used for that purpose. Please visit us at payncac.com to access your account information or call 1-800 779-4894 between the hours of 8:00 am and 5:00 pm Central Standard time Monday through Friday."

30. Despite being given written notice, the Defendant continued to contact the Plaintiff using their autodialing equipment.

31. The Defendant has contacted the Plaintiff using its autodialer no less than nine times and all of these calls are recorded on the Plaintiff's telephone records.

32. The Plaintiff has no business relationship with the Defendant and does not owe any money to the Defendant.

33. The Plaintiff considers these ongoing calls to be annoying and harassing.

34. The Defendant has ignored the demand to stop contacting the Plaintiff.

35. The contact by the Plaintiff is nothing short of harassment, in violation of 15 U.S.C. §1692d.

36. The Defendant's conduct is unconscionable and violates the prohibitions of 15 U.S.C. §1692f.

37. The Defendant violated 15 U.S.C. § 1692g when they failed to send the Plaintiff a 30-day validation notice within five days of the initial communication.

38. The Defendant violated 15 U.S.C. § 1692g(b) when they failed to cease collection efforts until the debt was validated.

39. The Defendant violated 15 U.S.C. § 1692g(a)(3) when it failed to notify the Plaintiff that they had the right to dispute the debt within thirty (30) days.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C. §227

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

5

42. The Defendant, using an autodialer, has contacted the Plaintiff on his cellular telephone no less than nine separate occasions concerning the alleged debt.

43. At no time has the Plaintiff given express consent to the Defendant to contact him via his cellular telephone. In fact the Plaintiff told the Defendant to quit contacting him via telephone.

44. On numerous occasions the Plaintiff has indeed notified the Defendant to stop contacting him.

### *Respondeat Superior Liability*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

47. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

48. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

49. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

52. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### COUNT II.

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C.§227 et seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

55. The Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA.

56. If the Plaintiff, in the course of discovery or at trial, can establish that the Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to $1,500.00 per violation of the TCPA.

## TRIAL BY JURY

57. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

s/Jill Gookin
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com

9

        <u>s/Troy D. Krenning</u>
        Gookin, Krenning and Associates, LLC
        501 N. Cleveland Avenue
        Loveland, CO 80537
        (970) 292-8290
        (888) 465-8045 FAX
        Email: troy@gkalaw.com